IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| Angela O'Neal, | : Civil Action No.: _____ |
|---|---|
| Plaintiff, | |
| v. | |
| Diversified Adjustment Service, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Angela O'Neal, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and N.C. Gen.Stat. § 58-70 et seq., by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Angela O'Neal ("Plaintiff"), is an adult individual residing in Wendell, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.      The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

10.     Diversified has placed as many as three (3) calls a day to Plaintiff's residential telephone in an attempt to collect the Debt.

11.     Plaintiff advised Diversified that the Debt was included in her Chapter 13 bankruptcy petition.

2

12. Further, Plaintiff provided Diversified with her bankruptcy attorney's contact information and requested that Diversified cease contacting her directly in an attempt to collect the Debt. Diversified agreed to do so.

13. Despite Plaintiff's request that Diversified cease contacting her in an attempt to collect the Debt, as well as Diversified agreeing to cease doing so, Diversified has continued to place as many as three (3) calls a day to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger and frustration.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATION OF THE NORTH CAROLINA COLLECTION AGENCY ACT, N.C. Gen.Stat. 58-7§ 0, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant is a "collection agency" as defined in N.C. Gen. Stat. § 58-70-15.

24. The Defendant's conduct violated N.C. Gen.Stat. § 58-70-110 in that Defendant caused Plaintiff's phone to ring with such frequency as to constitute harassment.

25. The Defendant's conduct violated N.C. Gen.Stat. § 58-70-115 in that Defendant attempted to have Plaintiff acknowledge a Debt knowing Plaintiff had filed bankruptcy.

26. The foregoing acts and omissions of the Defendant constitute multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT III
### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

30. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

31. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Statutory damages pursuant to N.C.G.S. § 58-70-110(b);
5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff; and
6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 29, 2011

Respectfully submitted,

By __/s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

6